21-2321-bk
Pierre v. Aurora Loan Services, LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-three.

PRESENT:   RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges.*

------------------------------------------------------------------

IN RE: AURORA COMMERICAL CORP.,

*Debtor*.

------------------------------------------------------------------

GERARD M. PIERRE,

*Appellant*,

v.                                                          No. 21-2321-bk

AURORA LOAN SERVICES, LLC.,

*Appellee,*

AURORA COMMERICAL CORP.,

*Debtor-Appellee.*

-----------------------------------------------------------------

FOR APPELLANT:                    Gerard M. Pierre, *pro se*,
                                  Denver, CO

FOR DEBTOR-APPELLEE:              Kyle J. Ortiz and Eitan
                                  Blander, Togut, Segal & Segal
                                  LLP, New York NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Gerard M. Pierre, proceeding pro se, appeals from an August 13, 2021 judgment of the United States District Court for the Southern District of New York (Ramos, J.) affirming an order of the Bankruptcy Court for the Southern District of New York (Chapman, B.J.) that disallowed and expunged his proof of claim. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Aurora Loan Services, LLC ("ALS") filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York in March 2019. On June 9, 2019, Pierre filed his first proof of claim (the "First Claim") based on claims he had previously raised in a 2009 bankruptcy proceeding in the United States Bankruptcy Court for the District of Colorado against ALS, which was the servicer of a loan secured by a mortgage on Pierre's former property in Colorado. Appellee's App'x 1–40. The First Claim was disallowed and expunged by the Bankruptcy Court because, among other things, it was barred by applicable statutes of limitations. See Appellee's App'x 548–52. Pierre appealed the decision to the District Court, which affirmed the Bankruptcy Court. See Pierre v. Aurora Com. Corp., 620 B.R. 210, 221 (S.D.N.Y. 2020). He did not appeal the District Court's order to this Court.

On October 24, 2019, before the Bankruptcy Court disallowed Pierre's First Claim, Pierre filed a second proof of claim (the "Second Claim"), which duplicated the First Claim but sought a larger damages award. Appellee's App'x 568–71. After a hearing, the Bankruptcy Court disallowed the Second Claim, concluding that it "merely restate[d] the arguments raised" in the First Claim and was therefore expungable on the same basis. Appellee's App'x 722–

3

33, 878–81. Pierre appealed that disallowance, and the District Court affirmed.

See In re Aurora Com. Corp., No. 20-CV-8282 (ER), 2021 WL 3595716 (S.D.N.Y. Aug. 13, 2021). Pierre now appeals the District Court's affirmance of the disallowance of the Second Claim.

"In an appeal from a district court's review of a decision of a bankruptcy court, we conduct an independent and plenary review of the bankruptcy court's decision, accepting the bankruptcy court's findings of fact unless they are clearly erroneous and reviewing its conclusions of law de novo." In re LATAM Airlines Grp. S.A., 55 F.4th 377, 382 (2d Cir. 2022) (quotation marks omitted).

Upon review of the record and the relevant case law, we conclude that the Bankruptcy Court correctly dismissed the Second Claim because it was barred by res judicata or, in the alternative, the law of the case doctrine. "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) (quotation marks omitted). "To prove the affirmative defense [of res judicata] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved

4

the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Id. (quotation marks omitted). The law of the case doctrine, on the other hand, generally forecloses consideration of issues that were or could have been decided during prior proceedings in the same action. See Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009). Whether we view the First Claim and the Second Claim as part of two distinct actions or one action, the result is the same: the Second Claim is barred by either res judicata or the law of the case doctrine, respectively. Pierre conceded that the Second Claim arises out of the same facts that formed the basis of the First Claim; the First Claim was disallowed and expunged by the Bankruptcy Court in a decision that was affirmed by the District Court and not appealed to this Court; and the Second Claim merely attempts to relitigate the same issues, against the same parties, that were previously considered and rejected on the merits in the proceedings on the First Claim. In any event, even if we were to excuse the relitigation bar and consider the merits, we independently agree that the Second Claim fails because it is barred by applicable statutes of limitations.

Finally, to the extent that Pierre argues that his procedural due process

5

rights were violated in the bankruptcy proceedings, we are not persuaded. In bankruptcy proceedings, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and an "opportunity to be heard." In re Medaglia, 52 F.3d 451, 455 (2d Cir. 1995) (quotation marks omitted). The Bankruptcy Court fulfilled these requirements when it granted Pierre a hearing on his Second Claim and permitted Pierre to be heard before ruling that the Second Claim was disallowable and expungable on the same basis as the First Claim. See Appellee's App'x 725–26 (Bankruptcy Court explaining to Pierre that "we're having a hearing on the amended claim today, so that you are afforded your due process rights and your rights under the rules").

We have considered Pierre's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court